Terry SMITH, Appellant,

v.

CSK AUTO, INC., d/b/a Schucks Auto
Supply and Doe, Appellees.

No. S–11791.

Supreme Court of Alaska.

March 10, 2006.

Rehearing Denied May 5, 2006.

Terry L. Smith, pro se, Fairbanks.

James H. Juliussen, Eric J. Jenkins, Davis Wright Tremaine LLP, Anchorage, for Appellee CSK Auto, Inc., d/b/a Schucks Auto Supply.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

This appeal centers around the dismissal of pro se appellant Terry Smith's second lawsuit against his former employer, CSK Auto. The superior court found all of Smith's claims barred by collateral estoppel. We affirm the superior court's ruling in all but one respect. The dismissal of Smith's wrongful termination claim is reversed because it constitutes a different cause of action than his other claims.

## II. BACKGROUND

Smith's lawsuits are mostly based on an injury that he claims to have suffered while working as a driver for CSK. He traces the injury to a back-support belt provided to him by CSK.

Smith sued CSK in superior court in April 2004. His complaint stated claims for (1) negligence, (2) fraud, (3) bad faith, (4) breach of contract, (5) violations of AS 18.60.075(a), (6) strict products liability, and (7) breach of warranty. The complaint substantively alleged that CSK knowingly gave Smith a defective support belt and failed to warn him of the dangers associated with the belt. It also alleged that CSK fraudulently interfered with the distribution of medical benefits owed to Smith after his injury.

Citing diversity of citizenship, CSK removed the case to the United States District Court for the District of Alaska. CSK then successfully moved to dismiss Smith's complaint with prejudice, and the court entered judgment against him. The court found Smith's claims to be barred by the exclusive remedy provisions of the Alaska Workers' Compensation Act and the relevant statutes of limitations.

Not long after losing in federal court, Smith filed the complaint at issue here. Most of the second complaint is identical to the first. It states claims for (1) negligence, (2) fraud, (3) bad faith, (4) breach of contract,[1] and (5) violations of AS 18.60.075(a). Again these claims are based on allegations that CSK knowingly gave Smith a defective support belt, failed to warn him of the dan-

---

1. In his second complaint, Smith labels his breach of contract claim as one for tortious interference with contractual relations. Yet, as he did in his first complaint, he alleges that CSK denied him certain benefits owed under an employment contract. Therefore, the contract claim is best taken as one for breach.

gers associated with that belt, and interfered with his medical benefits after the injury. There are three additional claims in the second complaint that do not appear in the first. They are (1) a claim for intentional infliction of emotional distress, (2) violation of certain unnamed Occupational Health and Safety Administration rules, and (3) a claim for wrongful termination in violation of "the Medical Leave Act."

CSK successfully moved to dismiss Smith's second complaint for failure to state a claim upon which relief can be granted. The superior court found the entire second complaint to be "barred by res judicata and/or collateral estoppel" and dismissed it with prejudice. Smith appeals.

## III. DISCUSSION

Smith contends that neither res judicata nor collateral estoppel precludes the claims in his second complaint.

### A. Res Judicata

■ The doctrine of res judicata "provides that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[2] There is no question that the federal court is a court of competent jurisdiction or that Smith's two lawsuits were between the same parties. Therefore, the res judicata effect of Smith's first complaint depends on two things: (1) whether the dismissal of the complaint constitutes a final judgment on the merits and (2) whether the claims in the

second complaint can be considered part of the same "causes of action" as those brought in the first complaint.

■ Whether res judicata applies is a question of law that we review de novo.[3]

### 1. Final judgment on the merits

■ A final judgment on the merits for res judicata purposes does not require a full trial on the merits.[4] "The defense of res judicata may be based upon a prior dismissal on the merits of plaintiff's action against [the] defendant."[5] Additionally, a dismissal with prejudice is treated as a dismissal on the merits and is, therefore, a final judgment on the merits.[6] Put differently, "[t]he term 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import; and it indicates an adjudication of the merits, operating as res judicata."[7]

■ The status of an appeal from a preclusive judgment typically has no effect on the finality of that judgment. Specifically, the act of taking an appeal does nothing to defeat the preclusive effect of a judgment.[8] Nor does the failure to appeal a judgment render that judgment non-final.[9]

Here, the federal district court dismissed Smith's first complaint with prejudice. Therefore, although the judgment against Smith did not result from a trial, it operates as an adjudication on the merits nonetheless. Smith's appeal to the Ninth Circuit does not change this result.[10]

### 2. Same cause of action

■ Res judicata prevents a party from bringing a cause of action that has already

---

2. *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997).

3. *DeNardo v. Calista Corp.*, 111 P.3d 326, 329 (Alaska 2005).

4. *See id.* at 332 (stipulation to dismiss with prejudice is final and on the merits).

5. *Shepherd v. Bering Sea Originals*, 578 P.2d 587, 589 (Alaska 1978).

6. *See Tolstrup v. Miller*, 726 P.2d 1304, 1307 (Alaska 1986) (stipulated dismissal with prejudice amounts to a final judgment on the merits for res judicata purposes).

7. 46 Am.Jur.2d *Judgments* § 609 (2005) (citations omitted).

8. *Holmberg v. State, Div. of Risk Mgmt.*, 796 P.2d 823, 829 (Alaska 1990); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4433 (2d ed.2002).

9. *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir.1979); *see Holmberg*, 796 P.2d at 829 (pendency of appeal does not deny a judgment its res judicata effects).

10. *See Holmberg*, 796 P.2d at 829.

been litigated and decided.[11] A cause of action in this realm includes more than the exact claim already litigated. New claims arising from "the same transactions as those in the first suit" are also barred from litigation in the second suit.[12]

### a. Repeat claims

■ The inquiry into many of Smith's claims in his second complaint is straightforward because they are nearly exact replicas of those in his first complaint and are therefore plainly barred. The second complaint contains ten "counts." Each count contains at least one claim for recovery. The claims within each count that are similar enough to those in his first complaint to be considered the same, on their face, are detailed below.

#### Count I

Count I alleges that CSK used fraud and coercion to interfere with medical benefits owed to Smith under an implied contract between the parties. These are exactly the same allegations that appear on page three of Smith's first complaint.

Count I in the second complaint also alleges that CSK violated AS 18.60.075 by failing to provide safety equipment without a reasonable justification or excuse. This matches the allegations on page four of Smith's first complaint that CSK violated AS 18.60.075 by sending "plaintiff out on a delivery without protective safety equipment."

#### Counts II, VI, & VII

Count II is several paragraphs long, but each paragraph simply rephrases the general allegation that CSK wrongfully failed to warn Smith of the dangers associated with the support belt provided to him. Counts VI and VII state the same allegation. This claim appears almost verbatim on page four of Smith's first complaint, where he charges CSK with failing to "warn employee of hazard of wearing employer supplied back support belts."

#### Count III

Count III is also several paragraphs long and purportedly charges CSK with "negligent concealment." In fact, this is a reiteration of Smith's argument in the first action that the "discovery rule" should have tolled the statutes of limitations on his tort claims. In other words, we take his point here to be that CSK's alleged concealment efforts delayed Smith's discovery of his claims. Therefore, he believes that the statute of limitations began to run only upon his actual discovery of his claims. This point was litigated and decided in the first action.

#### Count IV

Count IV repeats the allegations on page four of the first complaint, as well as Count I of the second complaint, that CSK violated AS 18.60.075 by failing to provide Smith with proper safety equipment.

#### Count V

Count V charges CSK with violating AS 18.60.075 by failing to keep the employee safe. This corresponds with page four of Smith's first complaint, where he claims that CSK "failed to protect employee" in violation of AS 18.60.075.

Because each of these claims is a duplicate of one already adjudicated in Smith's first action, the superior court did not err in ruling that they are all barred by res judicata.[13]

### b. New claims

■ There are three claims in Smith's second complaint that do not appear in the first. They are his allegations of (1) intentional infliction of emotional distress, (2) the violation of certain Occupational Safety and Health Administration rules, and (3) wrongful termination. Because they are new, the preclusive effect of the first action on these three claims depends on whether they stem from the same transaction as the claims made in the first complaint.[14]

11. *Alderman v. Iditarod Props., Inc.,* 104 P.3d 136, 141 (Alaska 2004).

12. *Id.*

13. *See Alderman,* 104 P.3d at 141.

14. *Plumber,* 936 P.2d at 166.

■ What factual grouping constitutes a "transaction" in this setting "is determined by 'whether the facts are related in time, space, origin, or motivation,' and 'whether they form a convenient trial unit.'"[15] The inquiry is a pragmatic one, which also compares the evidence and witnesses that may be relied on to prove each claim[16] and the expectations of the parties.[17] Importantly, the legal theories on which multiple claims are based are not considered when determining whether those claims arise from the same transaction. One cannot avoid the preclusive effect of an earlier judgment by alleging the same facts under a new legal theory.[18]

### Intentional Infliction of Emotional Distress & Rules Violations

Smith's claims for intentional infliction of emotional distress and Occupational Safety and Health Administration (OSHA) rules violations plainly stem from the same transaction as the claims in his first complaint. At the core of each claim in Smith's first complaint is either his injury or CSK's alleged interference with his medical benefits. His new claim for intentional infliction of emotional distress is based on "extreme and outrageous" behavior exhibited by CSK in its dealings with Smith regarding the injury and medical treatment.[19] The emotional distress claim is therefore just a new legal theory derived from the same facts alleged in the first complaint. Similarly, the OSHA claim charges CSK with contributing to Smith's injury by improperly packing cases of antifreeze. It thus involves the same transaction—his injury—as his earlier claims against CSK for failing to provide proper safety equipment. For these reasons, we agree with the superior court's conclusion that Smith's new emotional distress and OSHA claims are precluded.[20]

### Wrongful Termination

■ Smith's second complaint alleges for the first time that CSK "secretly terminated employee while employee was under worker compensation system in violation of Medical Leave Act." Whether this claim is precluded because it stems from the same transaction as Smith's earlier claims depends on the breadth with which the relevant "transaction" is defined. CSK offers two theories of the transaction. First, it contends that the transaction should be defined to include the entire employment relationship between the parties. CSK alternatively defines the transaction to include all of the dealings between the parties after Smith's injury. We do not agree with either theory.

Preliminarily, it is not clear from Smith's complaint that he was able to bring his wrongful termination claim in the first action.[21] That alone may be enough to withstand a res judicata attack.[22] More importantly, Smith's wrongful termination claim stems from a different injury, caused a different harm, and would require different proof than the claims in his first complaint. His contention appears to be that CSK violated the "Medical Leave Act" by terminating his employment while he was somehow protected by the workers' compensation system. The injury and harm—the loss of his job and the damages caused thereby—are different than those at issue in his earlier

15. *Id.* at 167 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1980)).

16. *Id.*

17. *Alderman*, 104 P.3d at 141.

18. *White v. State, Dep't of Natural Res.*, 14 P.3d 956, 959–60 (Alaska 2000).

19. Smith's claim for intentional infliction of emotional distress does not make any specific factual allegations. Instead, it states that "[t]he behavior and conduct on the part of [CSK] as described herein above" caused Smith emotional distress. The behavior "described ... above" in the complaint is CSK's actions related to the support belt and Smith's medical treatment. Therefore, it is appropriate to conclude that the intentional infliction of emotional distress claim stems from those facts.

20. *See White*, 14 P.3d at 960 (new legal theory arising from same facts as earlier claim barred by res judicata).

21. The complaint does not allege a date on which he was fired, for example.

22. *See Finch v. Greatland Foods, Inc.*, 21 P.3d 1282, 1290 (Alaska 2001) (res judicata inapplicable where new claim could not have been asserted in the earlier action).

claims that sought recovery for damages caused by physical injury and hampered medical treatment. It is also likely that Smith's claim for wrongful termination requires different proof than his claims stemming from his physical injury. Therefore, we conclude that the complaint does not conclusively establish that Smith's wrongful termination claim stems from the same transaction as his earlier claims. It is thus not precluded.[23]

According to CSK, the superior court's dismissal of Smith's wrongful termination claim for failure to state a claim upon which relief can be granted should remain intact in spite of our conclusion that it is not precluded by res judicata. CSK correctly notes that Smith has not identified the exact law CSK is alleged to have violated. CSK argues that, as a matter of law, neither the federal Family and Medical Leave Act[24] nor the Alaska medical leave laws support Smith's claim. It is true that AS 39.20.305 only guarantees medical leave to public employees and so cannot support Smith's claim for wrongful termination.[25] Yet we disagree with CSK's position that the federal law cannot, as a matter of law, support Smith's claim.

According to CSK, Smith cannot state a claim under the federal act because the law only guarantees twelve weeks of leave and Smith has not been able to work for nearly four years. This presumes Smith's allegation to be that CSK allowed him twelve weeks of leave and then refused his request to return to work. However, our inquiry here is limited to the allegations in the pleadings,[26] and the wrongful termination claim in Smith's complaint does not limit itself in the way that CSK suggests. For example, the date on which Smith was allegedly terminated is not evident from the pleadings. It is therefore possible that Smith's claim is based on actions taken by CSK before the relevant twelve-week period lapsed. Under that sce-

nario, it is conceivable that the federal medical leave law supports Smith's claim. We do not suggest that this must be the crux of Smith's wrongful termination claim, or even that his claim may withstand a motion for summary judgment. Instead, we merely conclude that the pleadings in their current state do not support CSK's contention that Smith has not, as a matter of law, stated a claim for wrongful termination.

## B. Collateral Estoppel

Smith also challenges the superior court's alternative conclusion that collateral estoppel barred the claims in his second complaint. To the extent that we affirm the superior court's dismissal of Smith's claims, we do so because they are precluded by res judicata. Therefore, we do not need to consider the court's alternative grounds for dismissal.

## C. Smith's Additional Claims

Smith's remaining points on appeal challenge the federal court's decision on the merits and allege that he was denied due process.

### 1. The federal court's decision

Smith contends that the federal court erred in its conclusion that his tort claims were time-barred. That issue is not properly before this court. A party's remedy for an alleged erroneous decision in an earlier action is limited to an appeal from that action.[27] Relitigation of the issues or claims is not permissible simply because the party alleges error in the first action.[28]

### 2. Due process

Smith claims that because he was refused an opportunity to conduct discovery, he was also denied the "essential elements of due process law." It is not clear whether this contention is aimed at the federal court proceedings, the state court proceedings, or

**23.** See id.

**24.** 29 U.S.C. § 2612 (West 2005).

**25.** AS 39.20.305 (applies only to officers or employees of the state).

**26.** See Kollodge v. State, 757 P.2d 1024, 1026 (Alaska 1988) (motion to dismiss for failure to

state a claim inquiry generally limited to the material contained in the pleadings).

**27.** McDowell v. State, 23 P.3d 1165, 1167 (Alaska 2001).

**28.** See id.

both. However, to the extent that he again attacks the validity of the federal court's decision then his only redress lies with his appeal to the Ninth Circuit.[29] In addition, the proceedings in the superior court appear to have been adequate. Smith initiated the proceeding, had notice of CSK's motion to dismiss, and had a fair opportunity to (and in fact did) present his case before the court dismissed it for failure to state a claim.

## IV. CONCLUSION

The superior court's dismissal of all but Smith's claim for wrongful termination is AFFIRMED. The dismissal of the wrongful termination claim is REVERSED and that claim is REMANDED for further adjudication.

**29.** *See id.*